UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JULIO CESAR POMBOZA PINTO,** <br><br> *Petitioner*, <br><br> v. <br><br> **MARY DE ANDA-YBARRA,** Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; **TODD M. LYONS,** *in his official capacity* as Acting Director, Immigration and Customs Enforcement; **KRISTI NOEM,** *in her official capacity* as Secretary, U.S. Department of Homeland Security; and **PAMELA BONDI,** *in her official capacity* as Attorney General of the United States, <br><br> *Respondents*. | **EP-26-CV-00195-DCG** |

## ORDER CONSOLIDATING CASES

Petitioner Julio Cesar Pomboza Pinto ("Petitioner") challenges his detention pursuant to 28 U.S.C. § 2241.[1] He has filed two Petitions: one in the above-captioned case and another in a case that was transferred from the District of Minnesota (3:26-cv-00254).[2] The Court **ORDERS** that the cases be consolidated into this case (3:26-cv-00195).

Under Federal Rule of Civil Procedure 42, consolidation is permissible when "actions before the court involve common questions of law or fact."[3] "District courts enjoy substantial

---

[1] *See generally* Pet., ECF No. 1.

[2] *See* Pet., *Pomboza Pinto v. Bondi*, 3:26-cv-00254-DCG (W.D. Tex.).

[3] FED. R. CIV. P. 42(a).

discretion in deciding whether and to what extent to consolidate cases."[4] Consolidation is "used to expedite trial and eliminate unnecessary repetition and confusion."[5] The Fifth Circuit has urged district judges "to make good use of Rule 42(a)" under appropriate circumstances.[6] Finally, "[a] district court is permitted to order consolidation pursuant to Federal Rule of Civil Procedure 42(a) *sua sponte*."[7]

Both Petitions implicate the same question of law: whether the Government is unlawfully detaining Petitioner. However, the Petitions were filed by different attorneys. The Court finds that this is an appropriate occasion to order consolidation under Rule 42 and thereby eliminate unnecessary repetition or confusion.

**IT IS THEREFORE ORDERED** that the above-captioned case be consolidated with Petitioner's transferred case (3:26-cv-00254). This case (3:26-cv-00195) shall be the lead case. All future pleadings, motions, or other documents should be filed under this cause number.

**IT IS FURTHER ORDERED** that all counsel representing Petitioner in these cases confer and, **no later than February 20, 2026**, file an amended Petition reflecting the attorney(s) who will remain counsel of record in the newly consolidated case.

---

[4] *Hall v. Hall*, 284 U.S. 59, 77 (2018).

[5] *Miller v. USPS*, 729 F.2d 1033, 1036 (5th Cir. 1984).

[6] *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977).

[7] *Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 592 (5th Cir. 2018).

**So ORDERED and SIGNED this 12th day of February 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**